CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR PART

| | |
|---|---|
| CARLOS M. RODRIGUEZ<br>Plaintiff<br><br>v.<br><br>COYOTE LLC<br>Defendant | PETITION FOR ORDER |

COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** plaintiff Carlos M. Rodríguez, and respectfully request a Permanent Injunction against Coyote LLC according to the provisions of Title III of the Americans with Disabilities Act.

**I.    THE PARTIES**

1. Plaintiff´s name is:  Carlos M. Rodríguez.  His postal and physical address are: q7 Golondrina Street, Altagracia Urbanization, Toa Baja, PR  00951-0000.  His telephone number is 787-565-9853.

2. That defendant Coyote LLC is the owner and operator of the disputed place of public accommodation in the captioned case and known as Coyote.

**II.    ALLEGATIONS**

**A. Regarding Plaintiff´s Medical Conditions**

3. Plaintiff, Mr. Carlos M. Rodríguez, is the survivor of two cerebrovascular accidents that have cause him severe neurologic and permanent damage.  These medical events, having occurred in different moments, have affected critical areas of his brain that are responsible for the movement, the coordination and, possibly, the communication.  As a direct consequence, Mr. Rodríguez faces a deep physical limitation that substantially affects his capacity to perform daily activities, including moving around on his own, standing up, climb stairs or execute any other activity that requires corporate and equilibrium control.


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

4. As a result of these conditions, Mr. Rodríguez is completely dependent on a wheelchair for mobility.  This dependency is not temporary nor optional, but the result of the loss of essential motor functions caused by the two cerebrovascular episodes.  His mobility is limited to this dispositive, that has become his indispensable tool to be able to leave his home, visit public spaces, attend medical appointments, or simply get around within his own environment.  Without his wheelchair, any attempt of movement results impossible.

5. In his daily life Mr. Rodríguez is limited in almost all the basic activities that an average person may perform without difficulty.  Activities such as grooming, dressing, cooking, eating or getting around in the home require external support or special devices.  Including simple tasks such as opening a door, reaching for an object or interacting with his environment, they become significant challenges without the existence of adequate adaptation.  The lack of accessibility not only isolates him from the outside world, but it also complicates his routines within his own personal space, thus generating a constant impact on his quality of life.

6. Mr. Rodríguez also requires constant attention to move around in spaces that have not been adapted in an adequate manner.  When he faces structures with stairs, heavy doors, narrow hallways or without sufficient space to maneuver, his access is totally compromised.  In these cases, he not only experiments  frustration and physical exhaustion, but also loss of dignity by being forced to depend on others or completely giving up access.  Existing physical barriers represent direct exclusion for him from services, goods and experiences that are freely available to any other person.

7. His medical condition represents one of the most severe forms of acquired disability, with lasting effects that affect his quality of life and his full participation in society.  The lack of adequate accessibility not only limits his mobility, but it also exposes him to unnecessary risk, prevents him from making independent decisions and reinforces his isolation.  For Mr. Rodríguez, an environment without barriers is the only way for him to be able to function safety, dignity and autonomy.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

B.  **Regarding the Disputed Property**

8.  The property in controversy is the place of public accommodation, known as Coyote, located at #1507 Ponce de León Ave, locals 2 and 3, Santurce Ward, San Juan, Puerto Rico 00907-0000, which coordinates are 18.45316927760237, -66.07763258424936.

9.  Defendant, Coyote LLC, is the title holder of the place known as Coyote.

10. Defendant, Coyote LLC, is the operator of the place known as Coyote.

11. Defendant, Coyote LLC, is the lessor of the place known as Coyote.

12. Defendant, Coyote LLC, is the lessee of the place known as Coyote.

C.  **Discrimination against Mr. Carlos M. Ortiz at Coyote due to the Reason of his Disability**

13. Mr. Carlos M. Ortiz knows the outstanding qualities of the Coyote restaurant, that has awakened his interest because it is considered one of the best places for Mexican food in San Juan.  He is aware that the environment is cozy, well illuminated and intimate, with space for live music, that becomes an ideal place for the enjoyment of a full culinary experience.  He also knows that dishes like "nachos with discada" and "Norteña Barbeque Tacos" are distinguished for their vibrant flavors and well-seasoned and slowly cooked meat.  Also, he is attracted that the menu includes "churros" and drinks like "mezcalritas", that complements the experience of the place and reinforces his desire to visit it.

14. However, since early June 2025, Mr. Rodríguez knows the Coyote presents multiple accessibility barriers that expose him to a degrading and unequal experience as a person with severe disabilities.  These conditions prevent him from accessing the establishment autonomously and safely, which has discouraged him from visiting the establishment so far.  Despite this he maintains the intention to go to the restaurant in the next three months, motivated by the quality of food, space environment and the possibility of enjoying a full experience.  Plaintiff Carlos M. Rodríguez is aware of the following barriers at Coyote:

   14.1  High Bar Counter and Customer Service:  Mr. Carlos M. Rodríguez is aware that the bar counter at Coyote is extremely high, which prevents him from interacting visually and functionally with the service area.  Because of his permanent use of the wheelchair, he cannot reach the surface to order, receive products nor establish

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

contact with personnel.  This situation forces him to depend on others for any basic efforts in the establishment, thus affecting his autonomous and participation

efforts.  He feels discouraged from visiting the business since this barrier keeps him excluded from the direct attention process and reinforces his isolation within space.

14.2    Bar Counter and Customer Service Without Depth:  Mr. Carlos M. Rodríguez is aware that the bar counter at Coyote does not have the necessary depth to allow frontal approach to a wheelchair user.  This deficiency prevents him from approaching properly the attention area, causing his arms to not reach the surface of the counter and remain in an uncomfortable and functionally useless position.  This condition limits his ability to interact and submits him to an exclusion experience, that discourages him from visiting the establishment by knowing that he cannot autonomously access the service offered.

14.3    Bar Counter and Customer Service Hindered by Highchairs:  Mr. Carlos M. Rodríguez is aware that the counter area at Coyote is hindered by a line of highchairs that prevent passage and direct approximation in wheelchairs.  This barrier forces him to maneuver in a complex manner and/or stop directly before the impossibility of access.  His mobility is affected by the necessity to sort unnecessary obstacles, that generate muscular tension, frustration and constant dependence.  This experience dissuades him from visiting the place because he feels completely excluded from service space due to poorly arranged furniture.

14.4    Main Entrance With Steps and Lacks Accessible Ramp:  Mr. Carlos M. Rodríguez is aware that Coyote´s main entrance has stairs and does not have an accessible ramp.  This configuration excludes him completely from accessing the establishment, since his wheelchair cannot overcome the vertical barrier without assistance.  This impossibility imposes an absolute limitation and places him in a situation of extreme dependency, attempting against his dignity and autonomy.  By being forced to stop in front of the entrance, feeling physically and emotionally affected, that dissuades him from attempting to visit the locale.

14.5    Tables that are Inaccessible due to Having a Lower Base that Prevents Frontal or Lateral Approach:  Mr. Carlos M. Rodríguez is aware that the Coyote´s tables have

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

lower bases that block the space needed to approach from the front or sides in a wheelchair. This configuration forces him to remain away from the table, which makes it difficult for him to sit, access food or interact with companions. In this

SJ2025CV05916  29/06/2025  12:53 pm  Entry No. 1 Page 5 of 9

forced position he experiences constant discomfort, body tension and frustration by being unable to fully integrate into the environment. This experience dissuades him from visiting the business knowing that he cannot participate with dignity in an activity as basic as sitting at the table.

14.6    To guarantee full access to Mr. Carlos M. Rodríguez, the Coyote business must install a section of the customer service counter that is at an accessible height, with free space below to allow fontal approximation in a wheelchair; additionally, it must ascertain that said section has enough depth to allow comfortable use of space. The high chairs that obstruct the counter must be removed or relocated thus allowing free and clear space for direct access. It is essential to build an accessible ramp with adequate slope at the main entrance to eliminate the steps as obstacles and allow safe and autonomous entrance. Finally, some tables must be substituted for central base models or without obstacles in the inferior part, thus allowing the frontal and lateral approach in wheelchairs without interference.

15. Despite the accessibility barriers that he has identified at the Coyote restaurant, Mr. Carlos M. Rodríguez maintains firm his intention of visiting it in the next three months. His interest persists because he is aware that it is one of the best destinations for Mexican food in San Juan, the quality of its dishes, and the cozy environment that it offers. Although at the present time he is deterred from going due to the conditions that directly affect his mobility and dignity as a person with severe disabilities, his desire to live the full experience of the restaurant remains, and hopes that the necessary modifications are implemented to allow him safe and autonomous access.

16. Mr. Carlos M. Rodríguez will be affected in the future because of the existing barriers at Coyote because:

16.1    He enjoys the "nachos with discada" and the "Norteña Barbeque tacos", which are dishes that he knows are prepared with well-seasoned meat and cooked simmering, and that represent an important part of the restaurant´s culinary experience.


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

16.2 He is interested in tasting "churros" and "mezcalritas" that he knows are part of the menu and complete the gastronomic offer of the place, thus making it more attractive.

16.3 He is motivated by the cozy, intimate and well-illuminated environment that distinguishes Coyote, an atmosphere he considers ideal to share and enjoy comfortably.

16.4 He is excited to have a full experience that includes live music, that will allow him the combination of gastronomy and environment in one sole space.

16.5 He enjoys traveling to San Juan to visit different places and make gastronomy tours and considers that Coyote fits perfectly in this type of experience, by offering food with intense flavors and an attractive culinary experience.

17. Mr. Carlos M. Rodríguez feels deterred from visiting Coyote due to the architectural barriers that exist there.  However, he has the intention of returning to Coyote once the architectural barriers are eliminated.  Only when all barriers related to his type of disability, will he be able to return and have full, equal, dignified and safe access.

18. Mr. Carlos M. Rodríguez reserves the right to return at any time to Coyote with any lawful purpose, even when it means submitting to discriminatory conditions, experiencing inconveniences that others without disabilities do not experience or that represent a risk to his personal safety and physical integrity.  Likewise, when a person without disabilities may choose to submit to hostile conditions that are unlawful, like a long and never-ending payment line, plaintiff will submit to lawful discriminatory conditions that defendant has created, regardless of his dignity or even if it puts at risk his physical dignity.

19. By not knowing the construction history and alteration of the property at this moment, it is alleged:  the property was built and/or altered after March 15, 2012; in the alternative, the Property was built or altered after January 26, 1993; in the alternative, the property was built before January 26, 1993, but defendant has the economic resources for the property to comply with the most current construction codes.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**D. Violations of Title III of the Americans with Disabilities Act (ADA) on the part of Coyote LLC**

20. Coyote LLC has incurred in violations of Title III of the ADA Law by operating a place of public accommodation that imposes architectural barriers that directly and immediately

affect the access to Mr. Carlos M. Rodríguez, a person with severe disabilities who depends on a wheelchair for mobility. These barriers are not incidental or minor, but they constitute fundamental obstacles that prevent his use of equal space and the effective access to goods and services offered there.

21. The absence of an accessible entrance with an adequate ramp completely prevents Mr. Rodríguez from entering the locale by his own means. This barrier creates a total exclusion from the point of entrance, preventing him from the basic use of the establishment and placing him in a forced dependency situation. A person with disabilities can enter and leave freely the locale, but plaintiff is faced with an insurmountable vertical barrier, that constitutes a direct violation of the accessibility mandate under ADA.

22. Inside the establishment, the customer service counter represents another violation, because the height prevents any type of autonomous interaction from a wheelchair. No section has been provided at the counter that is within the established accessible parameters by law, which marginates plaintiff from the process of attention, and places him in an unequal position in front of other clients. This exclusion is aggravated for the lack of space below the counter that allows frontal approach and by physical obstruction due to a line of highchairs, that totally restricts access to the service zone.

23. Additionally, the tables available at the locale have lower bases that prevent frontal or lateral approach in wheelchairs, making it impossible for Mr. Rodríguez to sit comfortably or fully participate of the gastronomic experience. This configuration relegates him to uncomfortable positions and forces him to stay away from the table and affecting his social integration as well as his physical well-being.

24. All these conditions, jointly, constitute gross and continuous violations of Title III of ADA because they prevent plaintiff's equal, safe and dignified access to a place of public accommodation. The law demands that establishments open to the public eliminate architectural barriers when it is readily achievable, and in this case, Coyote LLC has not

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

taken the necessary and reasonable measures to comply with said legal obligation. The persistence of these barriers not only breaks the law, but it also perpetuates structural discrimination that violates Mr. Rodríguez´ fundamental rights as a person with disabilities.

SJ2025CV05916  29/06/2025  12:53 pm  Entry No. 1 Page 8 of 9

25. Defendant filed in a deliberate form false, incomplete or irregular information before the competent authorities during the process of soliciting the use permit, for the purpose of obtaining the necessary information to operate its business establishment. This fraudulent conduct permitted defendant to evade the compliance requirements established by ADA Law, by operating its business in flagrant violation of the federal rules of accessibility.

26. When submitting misleading information to obtain the corresponding permits, defendant not only violated his obligation of transparency before the regulatory authorities, but he also deliberately deprived people with disabilities from their fundamental right to equal access to places of public accommodation, thus perpetuating the discriminatory practices prohibited by federal law.

### III.    REMEDIES REQUESTED

**WHEREFORE**, plaintiff very respectfully requests the following legal remedies:

1. A permanent injunction according to 42 USC §12188 (a)(2) and 28 CFR §36.504(a) ordering defendant to eliminate architectural barriers existing at Coyote by complying with the guides of accessible design that may apply according to the date of construction and alteration, in the following manner:

   a. Install a section in the customer service counter that allows frontal approach of people using wheelchairs.

   b. Ensure that the accessible counter surface that is accessible has sufficient depth to be used comfortably by a person sitting in a wheelchair.

   c. Remove or relocate the highchairs that presently obstruct the counter, thus ensuring that there is a section free of obstacles that allows direct approach and without interruptions.

   d. Build an accessible ramp at the main entrance, thus eliminating the steps as a barrier to the entrance.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

    e. Substitute existing tables for accessible models with a central base or inferior structure that allows frontal and lateral approach by persons using wheelchairs, without interference or blocking.

2. A permanent injunction according to 42 USC §12188 (a)(2) and 28 CFR §36.504(a) ordering defendant to eliminate the current existing policies and discriminatory practices that prevent elimination of the architectural barriers and/or policies and practices that prevent offering reasonable accommodation that may be necessary for equal treatment.

3. Attorney´s fees, costs and litigation expenses, by plaintiff if prevailing in his claims.

4. The provision of any other remedy that is just and proper in law and equity and that has not been expressly requested, but that proceeds as a matter of law according to Rule 42.4 of the Rules of Civil Procedure of Puerto Rico.

              **RESPECTFULLY SUBMITTED.**

              **Dated:** June 29, 2025

                                    **Vélez Law Group LLC**
                                    Civil Rights Division

                                    s/ José Carlos Vélez Colón
                                    José Carlos Vélez Colón
                                    BAR MEMBER NO. 18913

                                    4204 Six Forks Rd., Apt. 1209
                                    Raleigh, NC 17609-6427

                                    E: vlg@velezlawgroup.com
                                    C: (787)-422-1881

                                    **Plaintiff's Attorney**

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.