IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS M. RODRÍGUEZ<br><br>Plaintiffs<br><br>v.<br><br>COYOTE, LLC.<br><br>Defendants | CIVIL NO. 25-01430 |

**ANSWER TO COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant Coyote, LLC. **("Coyote"),** through its undersigned counsel and to this Honorable Court respectfully states and prays:

1. The allegations in Paragraph 1 of the Complaint do not require a responsive pleading inasmuch as they refer to Plaintiff's name, address, and telephone number. To the extent a response is required, they are denied for lack of information to form an opinion as to their veracity.

2. The allegations in Paragraph 2 of the Complaint are denied as drafted. Coyote is not the owner of the space where the Restaurant Coyote operates; Coyote is the owner and operator of the restaurant but not the physical place where the business operates, and its operation is limited to the restaurant area of the building. Coyote does not have possession or control of the remaining portion of the building. Coyote did not even remodel the space where it operates and only made minor aesthetic changes before it started to rent the space in 2024.

3. The allegations in Paragraphs 3-7 of the Complaint are denied due to lack of information or belief to form an opinion as to their veracity. Coyote has no knowledge or way of knowing what Plaintiff's medical conditions and limitations are, if any, and the attentions he allegedly needs as a result of those.

1

4. The allegations in Paragraph 8 of the Complaint are denied as drafted. Defendant admits that Coyote is located at #1507 Ponce de León, locals 2 and 3, Santurce, San Juan, PR 00907.

5. The allegations in Paragraph 9-12 of the Complaint are denied. Coyote is the owner and operator of the restaurant located in at #1507 Ponce de León, locals 2 and 3, Santurce, San Juan, PR 00907. The space/physical property where the restaurant operates is rented and, thus, does not belong to Coyote. Coyote's operation is limited to the restaurant area of the building.

6. The allegations in Paragraph 13 of the Complaint are denied inasmuch as Defendant does not know and has no way of knowing what Plaintiff knows or does not know regarding the outstanding qualities of Coyote. Likewise, Coyote does not know nor has any way of knowing what has awakened Plaintiff's interest and what attracts him.

7. The allegations in Paragraph 14 are denied.

- The allegations in Paragraphs 14.1-14.3 of the Complaint are denied, as drafted. Notwithstanding, Coyote is in the process of hiring experts to identify whether the bar area need modifications to ensure compliance with ADA requirements.

- The allegations in Paragraph 14.4 of the Complaint are denied, as drafted. Notwithstanding, Coyote is not the owner of the space where the restaurant is located; it is only the lessee and, thus, does not have faculty to alter the exterior design of the property; notwithstanding, a ramp is placed in front of the space every time a person in a wheelchair or otherwise disabled attempts to enter the restaurant. In addition, Coyote is in the process of hiring experts to identify whether the ramp area needs modifications to ensure compliance with ADA requirements.

- The allegations in Paragraph 14.5 of the Complaint are denied as drafted. Notwithstanding Coyote is evaluating alternatives to accommodate additional tables to ensure compliance with ADA requirements.

- The allegations in Paragraph 14.6 of the Complaint do not require a responsive pleading as they refer to legal conclusions. To the extent a response is required, they are denied. Further, Coyote will voluntarily implement any necessary measurement to ensure compliance with ADA requirements.

8. The allegations in Paragraph 15 of the Complaint do not require a responsive pleading inasmuch as they refer to Mr. Rodríguez' intentions of returning and/or legal conclusions. To the extent a response is required, they are denied.

9. The allegations in Paragraph 16 of the Complaint do not require a responsive pleading inasmuch as they aim to establish what Plaintiff enjoys, as well as what interests, motivates and excites him. To the extent a response is required, they are denied. Further, Coyote denies that there are any existing barriers.

10. The allegations in Paragraph 17 of the Complaint do not require a responsive pleading inasmuch as they refer to Mr. Rodríguez' intentions of returning and/or legal conclusions. To the extent a response is required, they are denied. Coyote further denies any architectural barriers.

11. The allegations in Paragraph 18 of the Complaint do not require a responsive pleading as they are legal conclusions. To the extent a response is required, they are denied.

12. The allegations in Paragraph 19 of the Complaint are denied. Coyote began renting the space where the restaurant is located on 2024; Coyote did not renovate the space; only minimal aesthetical changes were made to the space.

13. The allegations in Paragraphs 20-23 of the Complaint are denied. Coyote is already in the process of hiring an expert in order to modify the restaurant to ensure compliance with ADA standards.

14. The allegations in Paragraph 24 of the Complaint do not require a responsive pleading as they refer to legal conclusions. To the extent a response is required, they are denied.

15. The allegations in Paragraphs 25-26 of the Complaint are denied.

16. The allegations in the Remedies Requested section does not require a responsive pleading inasmuch as they merely state what Plaintiff is requesting. To the extent a response is required, they are denied.

**II. Affirmative Defenses:**

1. Coyote incorporates by reference all the affirmative allegations raised in the preceding section of this Answer to Complaint.

2. The Complaint fails to state a cause of action against the appearing party upon which relief may be granted.

3. Coyote is committed to supporting individuals with disabilities and is in the process of hiring an expert to assess whether the restaurant requires modifications to ensure compliance with the ADA.

4. Coyote is in compliance with ADA.

5. Plaintiff did not engage in any extra judicial efforts with Plaintiff prior to the filing of the Complaint. Had Plaintiff done so, Coyote would have voluntarily evaluyated the alleged deficiencies in the restaruant to ensure complaince with ADA making the Complaint unnecesary and frivolous.

6. Plaintiff did not notify Coyote of the alleged violations and did not provide an opportunity to remedy the alleged violations before filing this Complaint.

7. In the alternative, there are laws and regulations that limit the amount of modifications that may be done to the space where Coyote operates.

8. Coyote began renting the space where the restaurant is located on 2024; Coyote did not renovate the space; only minimal aesthetical changes were made to the space.

9. Plaintiff has been used as a tester in so many instances that it is impossible for him to remember or have visited all of the alleged locations in the multiple lawsuits he has filed in the Federal Court, and the multiple cases filed in the state court system.

10. Plaintiff has filed multiple federal lawsuits in the U.S. District Court for the District of Puerto Rico and local court as tester. Plaintiff's behavior acting as tester for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations is fraudulent.

11. Plaintiff has never visited Coyote.

12. In the alternative that Plaintiff actually visited the Coyote, he has no real intention of returning as a patron, being that he is only a tester for fraudulent ADA litigation purposes.

13. In the alternative that Plaintiff actually visited Coyote, the sole purpose of said visit was to file the instant action.

14. Coyote premises were constructed prior to 2010, and, thus, the 2010 ADA Guidelines are not applicable. In the alternative, the premises were constructed prior to the enactment of the ADA Act and, thus, no ADA guidelines apply unless feasible.

15. The Complaint fails to comply with FRCP Rule 8 (a)(2), insofar that it includes paragraphs that are not a short and plain statement of the claim, but extremely lengthy, disarrayed and disjointed.

16. Plaintiff has not suffered an injury that is concrete and particularized, and actual or imminent.

17. Plaintiff fails to allege that he expressly requested and was denied reasonable and necessary physical accommodation of a modification of a policy during his alleged visit to the Coyote in question.

18. Plaintiff's allegations are insufficient, not reasonably fixed and specific in time, and moot/ academic in nature, and thus do not raise a right to relief above the speculative level

and into the realm of plausible liability. Therefore, the allegations are only merely consistent with a speculative entitlement to relief.

19. The conclusory allegations in the Complaint are insufficient to satisfy the constitutional requirements of standing for ADA claims, due to lack of proximity to the property in question to Plaintiff, ambiguous or lack of past patronage, speculative future injuries, lack of frequency of nearby travel, and lack of definitiveness and/or academic nature of the allegations, injuries and prayer for relief.

20. Plaintiff's claims are barred under the doctrine of mootness because the barriers alleged by Plaintiff, if there were any, which is denied, have been remediated and/or remedial actions are well underway.

21. Plaintiff has not been deterred by existing conditions from visiting Coyote.

22. To the extent that any feature of the Coyote was not in compliance with applicable access standards, the feature nonetheless provided effective access to Plaintiff because he was able to access and procure the service at issue.

23. Coyote will voluntarily correct all deviations without the Court addressing or entering any judgment on the merits of the Plaintiffs' ADA Claim, nor approving or adopting a consent decree reached by the parties.

24. The Complaint fails to comply with the injunctive relief requirement of a present case or controversy under the ADA.

25. Plaintiff's allegations in the Complaint do not show that it is reasonable to infer that any discriminatory treatment will occur or continue.

26. Plaintiff lacks evidence of a continuing connection to the Coyote, including familial and/or business ties.

27. Plaintiff has not shown any risk of future harm regarding Coyote.

28. At all moments relevant to the cause of action, the appearing party acted in a manner consistent with a prudent and reasonable person.

29. At all moments material to the cause of action, the appearing party conducted business operations without incurring in negligence or intentional discrimination, as per Plaintiff's allegations.

30. The appearing party has not performed any negligent or intentional discriminative act or omission and has acted with high duty of care at all times relevant herein.

31. Without waiving any defenses, the appearing party cannot be found to have violated any duty of care because it demanded adherence to policies designed to prevent and correct any discriminatory practices against visitors.

32. The appearing party provided safe accommodations for disabled people.

33. The appearing party did not perform any act or omission that caused the alleged underlying incident, discriminatory practice, or injuries to Plaintiff.

34. Any acts and/or omissions attributed to the appearing party in the Complaint did not cause Plaintiff's alleged damages and/or injuries.

35. The relief, in whole or in part, sought by Plaintiff would constitute an undue burden to the appearing party (42 U.S.C. §12182(b)(2)(A)(iii)).

36. Plaintiff, codefendants, their insurers and/or third parties are the only parties responsible for the damages and/or injuries alleged in the complaint.

37. In the alternative, if it stems out through discovery, the appearing party hereby reserves the right to raise as an affirmative defense that the cause of Plaintiff's damages is attributable solely to his own intentional and/or negligent acts.

38. Plaintiff is not entitled to any types of damages under the ADA Act.

39. Plaintiff's request for attorney's fees and costs must be denied due to the lack of evidence to support a finding that the appearing party have been obstinate or acted frivolously.

40.     To recover fees under the ADA's fee-shifting position, a party must demonstrate that he has prevailed in the litigation. 42. U.S.C.A. §12205.

41.     A voluntary change in conduct by the defendant, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur for prevailing party status. Buchannon Bd. & Care Home, Inc. v. W. Va Dep't of Health & Hum. Res, 532 U.S. 598, 605 (2001).

42.     Plaintiffs will not be considered a "prevailing party" under fee-shifting provision of the ADA and receive an award for attorney's fees if defendant voluntarily agrees to make requisite changes to bring location into full compliance with the ADA. Suárez-Torres v. Panadería y Respostería España, Inc. 988 F.3d 542, 546 (1st Cir. 2021).

43.     Plaintiff's claims are barred by the doctrine of unclean hands to the extent that Plaintiff visited and/or returned to Coyote for the sole purpose of bringing this lawsuit.

44.     Plaintiff's claims are barred because the alterations that will be made to Coyote, if any, are sufficient in that they satisfy the "to the maximum extent feasible" standard.

45.     The incident and Plaintiff's damages are due to an intervening cause, conduct, negligence or intentional act or omission not attributable to the appearing party.

46.     Any damages and/or injuries suffered by Plaintiff were due to the actions and/or omissions of third party for which the appearing defendant are not liable. Such party and/or persons respond directly to Plaintiff for his damages.

47.     Plaintiff's alleged damages and/or injuries are inexistent, speculative, and/or excessive.

48.     To the extent Plaintiff suffered any damages and/or injuries, which the appearing defendant expressly deny, Plaintiff failed to take the steps necessary to mitigate the damages and/or injuries sustained.

49.     Plaintiff's action is barred by estoppel.

50. Plaintiff's claims are barred by the doctrine of unclean hands.

51. Plaintiff's action and/or claims against the appearing party are barred by the applicable statute of limitations.

52. The appearing party is not jointly and/or severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

53. Plaintiff's claims are barred by waiver.

54. Plaintiff's damages and/or injuries are the result of a superseding cause.

55. Plaintiffs' Complaint is moot.

56. Plaintiffs' lack standing.

57. Bad faith.

58. Fraud.

59. Laches.

60. Coyote does not discriminate against people protected by the ADA.

61. At all relevant times, Coyote has been in compliance with the ADA and applicable guidelines and has not discriminated in any way against Plaintiff.

62. Coyote provides the same services, installations, and/or facilities through alternative non-discriminatory methods.

63. The remedies sought by Plaintiff, in part or in whole, cannot be considered readily achievable for Coyote.

64. Plaintiff's claims against Coyote are not actionable because the alleged violations are de minimis and cannot be the subject of judicial relief, as they do not materially impair the use of the restaurant and its services for their intended purpose.

65. Coyote has a history of taking affirmative action to remove any barrier that has the potential to affect equal access to its property.

66. Any "remodeling" performed at the Property did not constitute an "alteration" as that term is defined by the ADA.

67. Coyote complied with the legal standard of the maximum extent feasible.

68. The imposition of statutory minimum damages in this case would violate Coyote's rights under the Eighth Amendment of the United States Constitution because it would constitute an excessive fine.

69. Plaintiff is not a "disabled person" as defined under the ADA.

70. Coyote has at all relevant times acted as a prudent and reasonable person and has not engaged in any fault or negligence.

71. There is no causal relationship between the actions of Coyote and Plaintiff's damages, whether for lack of factual cause and/or lack of proximate cause.

72. The damages as alleged and valued are disproportionate, nonexistent, preexisting, and/or speculative, and have not been mitigated in accordance with law.

73. Any damage Plaintiff alleges to have suffered was the result of an intervening cause that could not reasonably have been anticipated or prevented by Coyote.

74. The events and damages alleged in the Complaint were due to the sole and/or contributory fault or negligence of a third party, co-defendant, and/or Plaintiff, for which Coyote is not liable.

75. Comparative liability or comparative negligence.

76. Concurrent negligence.

77. Concurrent causes.

78. The imposition of attorney's fees or costs against Coyote is not warranted.

79. The affirmative defense of contributory negligence is alleged, whereby the comparative negligence of Plaintiff, co-defendants, and/or third parties, being substantially greater, would absorb any degree of negligence that could be imputed to Coyote.

80. Any negligent act or omission Plaintiff attributes to Coyote was not foreseeable by Coyote.

81. Failure to include an indispensable party.

82. The ADA does not provide a damages remedy for the facts alleged in the Complaint, including but not limited to punitive damages.

83. The events alleged in the Complaint were unforeseen and unavoidable.

84. The alleged damages in the Complaint are not foreseeable.

85. The incident described in the Complaint was fortuitous and accidental.

86. Assumption of risk.

87. There is no joint liability between Coyote and the other parties.

88. Res judicata.

89. Collateral estoppel.

90. Unclean hands.

91. Force majeure.

92. Plaintiff is acting recklessly in bringing this action against Coyote.

93. The Complaint does not set forth specific facts that would allow identification of the areas allegedly not in compliance with the ADA.

94. Plaintiff does not meet the necessary requirements for an injunction and there is no real and immediate threat of harm.

95. The modifications requested are technically impossible to implement.

96. The specific construction of Coyote that Plaintiff challenges is not "new construction" as defined by the ADA.

97. Lack of jurisdiction. The Complaint constitutes a fishing expedition and/or advisory opinion that is not permitted under our legal system.

98.     The Affirmative Defenses asserted herein constitute legal defenses invoked at the preliminary stages of litigation so that they are not deemed waived, prior to the parties being able to conduct broad discovery regarding the facts alleged in the Complaint. Coyote reserves the right to amend, modify, or raise as many affirmative defenses as may be necessary and that may arise from investigation and/or discovery of the facts of the case.

**WHEREFORE**, Coyote respectfully requests from this Honorable Court that the Complaint against Coyote be dismissed, and that it be awarded costs and attorney fees, and any other remedy available by law.

I HEREBY CERTIFY that on this same date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which upon information and belief will notify all participants and/or parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 23rd day of September 2025.

<u>**S/ Eduardo J. Cobián Roig**</u>
**Eduardo J. Cobián Roig**
Counsel for Coyote
USDC-PR 226306
**COBIAN ROIG LAW OFFICES**
P.O. Box 9478
San Juan, Puerto Rico 00908-9478
Tel.: (787) 247-9448
Fax.: (787) 725-1542
eduardo@cobianroig.com